**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-2237**

---

MINQIANG HUANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General; U.S.
IMMIGRATION & NATURALIZATION SERVICE,

Respondents.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-918-262)

---

Submitted: June 20, 2007          Decided: July 16, 2007

---

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

---

Petition dismissed in part; denied in part by unpublished per
curiam opinion.

---

Minqiang Huang, Petitioner Pro Se. Lindsay L. Chichester, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Minqiang Huang, a native and citizen of the People's Republic of China, petitions for review of the order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss in part and deny in part the petition for review.

Huang seeks to challenge the Board's denial of asylum based on its finding that he failed to timely file his application within one year of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude we lack jurisdiction to review this determination and the Board's denial of asylum pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006).

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of withholding of removal and protection under the Convention Against Torture. See 8 C.F.R. § 1208.4(a) (2006). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). To obtain relief under the Convention Against Torture, an applicant must show "it is

- 2 -

more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006).

Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We will uphold the final agency determination if it is not "manifestly contrary to law." Id. Based on our review of the record, we conclude that substantial evidence supports the Board's determinations that Huang failed to meet his burden of establishing eligibility for withholding of removal and relief under the Convention Against Torture.

Accordingly, we deny leave to proceed in forma pauperis, and we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART